2011 UT 59

**Terry JOHNSON, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20090659.**

Supreme Court of Utah.

Sept. 30, 2011.

Rehearing Denied Jan. 17, 2012.

Michael P. Studebaker, Salt Lake City, for defendant.

Mark L. Shurtleff, Att'y Gen., Christopher D. Ballard, Asst. Att'y Gen., for plaintiff.

Chief Justice DURHAM, opinion of the Court:

## INTRODUCTION

¶ 1 Terry Johnson appeals the dismissal of his petition for post-conviction relief. He argues that the district court erred in dismissing his petition without reaching the merits of his claims, which included challenges to his counsel's effectiveness and to the sufficiency of the evidence supporting his conviction. We conclude that the district court correctly dismissed Mr. Johnson's petition because his claims were either frivolous, previously adjudicated, or procedurally barred by statute. We therefore affirm the district court's order dismissing his petition.

## BACKGROUND

¶ 2 In June 2004, a jury convicted Mr. Johnson of murdering his child's baby-sitter, and he received an indeterminate sentence of

five years to life.[1] After the conviction, Mr. Johnson's trial counsel filed a motion for a new trial, arguing, among other things, that evidence of Mr. Johnson's alleged drug use and domestic violence offenses was admitted in violation of rule 404(b) of the Utah Rules of Evidence. Thereafter, new counsel entered an appearance for Mr. Johnson and filed a supplemental motion for a new trial. In the supplemental motion, Mr. Johnson asserted that his trial counsel had been ineffective, in part, for failing to call witnesses to rebut the State's prejudicial 404(b) evidence and for failing to call a DNA expert to rebut the State's DNA expert testimony. Addressing the original motion and the supplemental motion together, the trial court denied Mr. Johnson's motion for a new trial. Mr. Johnson then appealed his conviction to the Utah Court of Appeals.

¶ 3 New counsel represented Mr. Johnson on direct appeal. Before the court of appeals, Mr. Johnson argued that the trial court should have granted a new trial because prejudicial evidence was improperly admitted and because his trial counsel had been ineffective in several respects. *See State v. Johnson*, 2007 UT App 184, ¶¶ 21–49, 163 P.3d 695. Specifically, Mr. Johnson argued that "the trial court erroneously admitted evidence of domestic violence" in violation of rules 404(b) and 403 of the Utah Rules of Evidence and that the State had not provided pretrial notice of its intent to introduce the 404(b) evidence. *Id.* ¶¶ 24–25. He further asserted that his trial counsel had

been ineffective for failing to (1) call a DNA expert to testify after having consulted one, (2) thoroughly cross-examine the State's DNA expert, (3) object during the prosecutor's closing argument to statements regarding the timing of the killing and Mr. Johnson's truthfulness, and (4) assert the marital privilege when Mr. Johnson's wife testified about prejudicial statements her husband had made.[2] *Id.* ¶¶ 37–49. The court of appeals affirmed Mr. Johnson's conviction after addressing and rejecting each claimed ground for reversal. *Id.* ¶¶ 50–51. Mr. Johnson then filed a petition for writ of certiorari, which this court denied.[3]

¶ 4 Mr. Johnson, represented by the same counsel as on direct appeal, then filed a petition for post-conviction relief in the district court. Although Mr. Johnson's petition raised three numbered claims, the court ultimately identified a total of nine claims and listed them as follows:

> Claim 1: Ineffective assistance of appellate counsel;[4]
>
> Claim 2: The Utah Court of Appeals['] failure to consider Dr. Elizabeth Johnson's affidavit [regarding DNA evidence] on direct appeal;
>
> Claim 3: The Utah Court of Appeals['] failure to apply material evidence on direct appeal;
>
> Claim 4: The Utah Court of Appeals improperly applied the non-constitutional harmless error standard in its decision;

---

**1.** The Utah Court of Appeals recounted the factual basis supporting the verdict against Mr. Johnson in *State v. Johnson*, 2007 UT App 184, ¶¶ 2–20, 163 P.3d 695. Because the resolution of this appeal turns on procedural issues, we do not recite the facts supporting Mr. Johnson's conviction.

**2.** Before the court of appeals, Mr. Johnson filed a motion under rule 23B of the Utah Rules of Appellate Procedure requesting a remand for an evidentiary hearing to develop a factual record supporting his claims of ineffective assistance of trial counsel. Attached to this motion were affidavits from the medical examiner in the case, a DNA expert, and an attorney who represented Mr. Johnson prior to trial. The court denied the rule 23B motion, stating that it was "based upon facts of record" and that the few additional facts contained in the attached affidavits had "no con-

nection whatsoever to the arguments regarding ineffective assistance." Mr. Johnson then filed a renewed rule 23B motion with the court and later amended this motion to add further claims of ineffective assistance. The court of appeals again rejected Mr. Johnson's rule 23B motion, stating that it was "based upon speculation and facts of record" and that the affidavits "fail[ed] to establish prejudice."

**3.** This petition did not challenge the court of appeals' denial of Mr. Johnson's rule 23B motions. *See supra* note 2.

**4.** The district court noted that this ineffective assistance claim actually pertained to the attorney who "did not represent [Mr. Johnson] for his direct [a]ppeal" but who had instead filed Mr. Johnson's supplemental motion for a new trial.

Claim 5: Erroneous admission of open ended jury instruction for the [r]ule 404(b) evidence;

Claim 6: Ineffective assistance of trial counsel for failure to object to the jury instruction pertaining to rule 404(b) evidence;

Claim 7: Ineffective assistance of trial counsel for failure to object to the additional [r]ule 404(b) evidence under the notice requirement;

Claim 8: Ineffective assistance of trial counsel for failure to effectively cross-examine the homicide detectives and [the medical examiner] and

Claim 9: Sufficiency of the evidence to convict [Mr. Johnson] at trial.

¶ 5 The district court summarily dismissed Claims 5 and 9 because they had been previously adjudicated by the court of appeals. *See* UTAH R. CIV. P. 65C(h)(1) (requiring the court to issue an order dismissing claims that have been previously adjudicated or are frivolous). The court also dismissed Claims 2, 3, and 4 as frivolous because the court had no jurisdiction to review decisions by the court of appeals. The State therefore was required to respond only to Claims 1, 6, 7, and 8.

¶ 6 The State responded to these claims by moving to dismiss them as procedurally barred under the Post–Conviction Remedies Act (the PCRA). Under the PCRA, a petitioner "is not eligible for relief . . . upon any

ground that . . . could have been but was not raised at trial or on appeal." UTAH CODE ANN. § 78B–9–106(1)(c) (Supp.2011).[5] Reasoning that Mr. Johnson's remaining post-conviction claims could have been but were not raised during his direct appeal, the district court granted the State's motion to dismiss without considering the merits of Mr. Johnson's claims.

¶ 7 Mr. Johnson appealed the dismissal of his petition for post-conviction relief to this court. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j).

## STANDARD OF REVIEW

■ ¶ 8 "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (internal quotation marks omitted).

## ANALYSIS

■ ¶ 9 Mr. Johnson challenges the district court's dismissal of his post-conviction petition. The district court did not reach the merits of Mr. Johnson's claims because it rejected each claim as either previously adjudicated, frivolous, or barred under the PCRA. We conclude that the district court correctly dismissed Mr. Johnson's post-conviction petition and accordingly affirm.[6]

---

5. Because there have been no substantive changes to the relevant statutes that would affect this opinion, we cite to the current versions, unless otherwise indicated.

6. A large portion of Mr. Johnson's brief before this court concerns the interaction between rule 23B of the Utah Rules of Appellate Procedure and the PCRA's procedural bars. Mr. Johnson contends that he was forced to litigate his ineffective assistance of counsel claims on direct appeal without proper evidentiary support after the court of appeals denied his rule 23B motions and that the PCRA's procedural bars further prevented him from developing evidence to support these claims. According to Mr. Johnson, this was a denial of due process.

We decline to address Mr. Johnson's due process claim because it was not preserved in the district court. "In order to preserve an issue for appeal[,] the issue must be presented to the [dis-

trict] court in such a way that the [district] court has an opportunity to rule on that issue." *Boyle v. Christensen*, 2011 UT 20, ¶ 14, 251 P.3d 810 (first alteration in original) (internal quotation marks omitted). The district court did not have an opportunity to address Mr. Johnson's due process argument. Moreover, we decline to address this issue under our plain error doctrine because no obvious error was made by the district court in dismissing Mr. Johnson's petition. *See Meadow Valley Contractors, Inc. v. State Dep't of Transp.*, 2011 UT 35, ¶ 17, 266 P.3d 671.

Mr. Johnson also argues that the court of appeals' denial of his rule 23B motions was cursory and erroneous. We decline to address this issue because this appeal stems from Mr. Johnson's post-conviction petition, not Mr. Johnson's direct appeal. We also note that Mr. Johnson failed to challenge the denial of his rule 23B motions in his petition for certiorari on direct appeal, thereby forgoing his opportunity to make these arguments.

## I. THE DISTRICT COURT PROPERLY DISMISSED MR. JOHNSON'S POST-CONVICTION PETITION PURSUANT TO THE PCRA AND THE UTAH RULES OF CIVIL PROCEDURE

¶ 10 Under the PCRA, "a person who has been convicted and sentenced for a criminal offense may file an action in the district court ... for post-conviction relief to vacate or modify the conviction or sentence" upon certain grounds. UTAH CODE ANN. § 78B–9–104(1) (Supp.2011). One ground for granting post-conviction relief is that "the petitioner had ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution." *Id.* § 78B–9–104(1)(d). But even claims relating to ineffective assistance of counsel may be procedurally barred under the PCRA. For instance, no post-conviction relief is available for a claim that "was raised or addressed at trial or on appeal" or that "could have been but was not raised at trial or on appeal." *Id.* § 78B–9–106(1)(b)–(c). "This rule applies to all claims, including constitutional questions." *Rudolph v. Galetka,* 2002 UT 7, ¶ 5, 43 P.3d 467. Rule 65C(h)(1) of the Utah Rules of Civil Procedure further requires a district court to review a post-conviction petition for frivolous or previously adjudicated claims and to summarily dismiss such claims.

¶ 11 A few exceptions apply to the application of the PCRA's procedural bars. For instance, a petitioner is not procedurally barred from raising claims of ineffective assistance of counsel if the same counsel represented the petitioner at trial and on direct appeal. *See State v. Litherland,* 2000 UT 76, ¶ 12, 12 P.3d 92. In such circumstances, "a defendant is not in a position [on direct appeal] to raise the argument that trial counsel was ineffective." *Id.* Further, if a claim in a post-conviction petition could have been but was not raised at trial or on appeal, such a failure is not barred "if the failure to raise [the claim] was due to ineffective assistance of counsel." UTAH CODE ANN. § 78B–9–106(3).

¶ 12 In this case, the district court properly applied the PCRA's procedural bars to Mr. Johnson's post-conviction claims. Although Claim 1 was styled as challenging the effectiveness of Mr. Johnson's "appellate counsel," it actually challenged the effectiveness of the attorney who had filed Mr. Johnson's supplemental motion for a new trial. Because this counsel had represented Mr. Johnson prior to the direct appeal, a claim regarding her effectiveness is one that "could have been but was not raised ... on [direct] appeal." *Id.* § 78B–9–106(1)(c).

¶ 13 Similarly, Claims 6, 7, and 8 could have been raised on direct appeal. These claims relate to the introduction of 404(b) evidence and the cross-examination of witnesses. Although Mr. Johnson did not raise the specific grounds found in Claims 6 through 8 before the court of appeals, he did challenge the propriety of the 404(b) evidence admitted at trial and the effectiveness of his trial counsel's cross-examination of a different witness. Nothing prevented Mr. Johnson from raising the issues found in Claims 6 through 8 before the court of appeals, and these claims are therefore barred.

¶ 14 We also conclude that the district court was correct in dismissing Claims 2, 3, 4, 5, and 9. The court of appeals' opinion touched on Claims 5 and 9 in its determination that any error in admitting rule 404(b) evidence did not outweigh "the strength of the evidence against [Mr. Johnson]." *State v. Johnson,* 2007 UT App 184, ¶ 34, 163 P.3d 695. The district court was therefore correct in finding that Claims 5 and 9 had been previously adjudicated. Alternatively, these claims are procedurally barred because they "could have been but [were] not raised ... on [direct] appeal." UTAH CODE ANN. § 78B–9–106(1)(c).

¶ 15 Furthermore, the district court had no jurisdiction to determine Claims 2, 3, and 4. Each claim asked the court to conclude that the court of appeals had erred in its resolution of Mr. Johnson's direct appeal. The district court had no jurisdiction to review the court of appeals' decision. *See* UTAH CODE ANN. § 78A–5–102 (Supp.2011). Mr. Johnson's opportunity for review of the court of appeals' decision was through a petition for writ of certiorari, which this court denied. Asserting these claims in the district court was therefore frivolous. *See* UTAH

R. Civ. P. 65C(h)(1) (requiring summary dismissal of frivolous post-conviction claims); *id.* 65C(h)(2)(A) ("A claim is frivolous on its face when … it appears that … the facts alleged do not support a claim for relief as a matter of law[.]"); *see also Carter v. Galetka,* 2001 UT 96, ¶ 14, 44 P.3d 626 ("[A] habeas proceeding is not a substitute for, or a second chance at, appellate review.").

■ ¶ 16 Mr. Johnson also cannot avail himself of the exceptions to the application of the PCRA's procedural bars. On direct appeal, new counsel represented Mr. Johnson. He therefore was in a position to challenge the effectiveness of his trial counsel, and he in fact did make such challenges. *See Johnson,* 2007 UT App 184, ¶ 1, 163 P.3d 695. The PCRA also would have permitted Mr. Johnson to include in his post-conviction petition challenges to the effectiveness of his direct-appeal counsel. *See* Utah Code Ann. § 78B–9–106(3). However, this counsel also represented Mr. Johnson in his pursuit of post-conviction relief before the district court, and Mr. Johnson's PCRA petition does not contain any challenge to the effectiveness of direct-appeal counsel.[7]

¶ 17 In sum, Mr. Johnson's petition contained claims that fell within three categories: those that the court of appeals had previously adjudicated, those that the district court had no jurisdiction to decide, and those that could have been, but were not, raised on direct appeal. Each category is a proscribed area for post-conviction relief. We therefore conclude that the district court correctly dismissed Mr. Johnson's petition.

## CONCLUSION

¶ 18 Because Mr. Johnson's petition for post-conviction relief relied upon claims that were either previously adjudicated, frivolous, or procedurally barred, his petition was improper. We therefore affirm the district court's dismissal of Mr. Johnson's petition.

7. In this appeal, Mr. Johnson is again represented by new counsel Studebaker. Mr. Johnson now contends that his direct-appeal counsel "[f]ailed to present evidence and admits so" and therefore was ineffective. In support of this assertion, Mr. Johnson submitted to this court a letter from his direct-appeal counsel. We do not consider this evidence because it is not part of

¶ 19 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and Justice LEE concur in Chief Justice DURHAM'S opinion.

the record on appeal and because the issue of direct-appeal counsel's effectiveness was not preserved below. *See Kell v. State,* 2008 UT 62, ¶ 23, 194 P.3d 913 ("[Petitioner's] attempt to reconfigure his claims for relief as ineffective assistance of appellate counsel claims for the first time on appeal is an abuse of the PCRA and violates our pleading requirements.").