IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Terry L. Johnson, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110030-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (September 20, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 262 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 100912497
The Honorable William W. Barrett

Attorneys:     Michael P. Studebaker, Ogden, for Appellant
               Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee

-----

Before Judges Orme, Davis, and Thorne.

ORME, Judge:

¶1     Terry L. Johnson appeals from the dismissal of his petition for postconviction DNA testing.  We affirm.

¶2     Johnson was convicted of murder following a jury trial in which the prosecution presented expert testimony about DNA testing.  The details of the murder and the trial may be found in *State v. Johnson* (*Johnson I*), 2007 UT App 184, 163 P.3d 695, where we considered Johnson's direct appeal following his conviction.  Among other things, we determined in that appeal that Johnson's defense counsel was not ineffective for choosing not to call a different DNA expert to test, and give testimony regarding, items linked to the events that led to Johnson's conviction.  *See id.* ¶ 37.  We held that

counsel's choice was a sound "strategic decision," given that defense counsel *had* consulted with a DNA expert and had purposefully determined that calling one would not be in Johnson's interest. *Id.*

¶3 Following his direct appeal, Johnson filed a petition for postconviction relief based, again, on a claim of ineffective assistance and partly premised upon defense counsel's decision not to call a DNA expert. The district court dismissed each claim in the petition and concluded that the DNA claim had been previously adjudicated. On appeal, the Utah Supreme Court affirmed. *See Johnson v. State* (*Johnson II*), 2011 UT 59, ¶ 18, 267 P.3d 880.

¶4 In 2008, Johnson filed a request for postconviction DNA testing. The State successfully moved to dismiss the petition. The district court determined that because defense counsel made a tactical decision not to request DNA testing at the time of trial, Utah Code section 78B-9-301 prevented Johnson from later pursuing this avenue through postconviction proceedings. *See* Utah Code Ann. § 78B-9-301(4) (Supp. 2012).[1] And in any event, the district court ruled, Johnson failed to meet the statute's other requirements for requesting DNA testing.

¶5 In 2010, Johnson filed a verified petition for postconviction DNA testing. The district court granted the State's motion to dismiss, again ruling that Johnson failed to meet the requirements of section 78B-9-301. Johnson now appeals that ruling. Review of the dismissal of a petition for postconviction relief presents a question of law, which we review for correctness, granting no deference to the district court. *See Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115.

¶6 Section 78B-9-301(4) explains that a district court "may not order DNA testing in cases in which DNA testing was available at the time of the trial and the person did not request DNA testing or present DNA evidence for tactical reasons." Utah Code Ann. § 78B-9-301(4). In Johnson's direct appeal, we held that defense counsel's choice not to delve into matters related to DNA testing was a "reasonable strategic choice," *Johnson I*, 2007 UT App 184, ¶ 39, which qualifies as a "tactical reason[]" for purposes of the

---

[1]Because the provisions in effect at the relevant time do not differ materially from the statutory provisions now if effect, we cite to the current version of the Utah code as a convenience to the reader.

statute, Utah Code Ann. § 78B-9-301(4).  In his briefing, Johnson merely disagrees with our prior conclusion, asserting, as he did on direct appeal, that "[t]here can be no tactical reason for not having the items tested . . . as the evidence would have proven exculpatory to Mr. Johnson."  Johnson's four pages of argument in his opening brief do nothing more than explain what DNA is, insist that it is important, and contend that no person could possibly see avoiding the use of DNA evidence as a reasonable tactical decision.  There is, however, at least one clear situation in which counsel might determine such action to be sound strategy, i.e., where counsel is justifiably concerned that DNA evidence will inculpate rather than exculpate the defendant.

¶7      Johnson has not provided us with any reason to revisit our previous conclusion that his counsel's decision not to seek additional DNA testing was tactically motivated.  Because "DNA testing was available at the time of trial and [Johnson] did not request DNA testing or present DNA evidence for tactical reasons," Utah Code Ann. § 78B-9-301(4), we affirm the decision of the district court.


_____
Gregory K. Orme, Judge


                                           -----


¶8      WE CONCUR:



_____
James Z. Davis, Judge



_____
William A. Thorne Jr., Judge