**2015 UT App 37**

# THE UTAH COURT OF APPEALS

BARRY J. SNYDER,
Petitioner and Appellant,

*v.*

STATE OF UTAH,
Respondent and Appellee.

Per Curiam Decision
No. 20140376-CA
Filed February 20, 2015

First District Court, Logan Department
The Honorable Brian G. Cannell
No. 120100137

Barry J. Snyder, Appellant Pro Se

Sean D. Reyes and Ryan D. Tenney, Attorneys for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JOHN A. PEARCE.

PER CURIAM:

¶1     Barry J. Snyder appeals from the trial court's order granting summary judgment in favor of the State and dismissing his petition for postconviction relief. We affirm.

¶2     On appeal from a grant of summary judgment, this court reviews the trial court's decision for correctness. *Menzies v. State*, 2014 UT 40, ¶ 30. Summary judgment is appropriate where there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* When the non-moving party bears the burden of proof on an issue, the party must set forth specific facts showing there is a genuine issue for trial and may not merely rest on allegations. *Id.* ¶ 81. Although Snyder

alleges that he received ineffective assistance of counsel in entering his guilty plea, he has failed to set forth specific facts that would preclude summary judgment. Furthermore, several of the issues he raises on appeal were either waived in the trial court or were not preserved for appeal.

¶3 Snyder pleaded guilty to one count of sexual exploitation of a minor in exchange for the dismissal of nine additional counts. After sentencing, he filed a notice of appeal. However, he later voluntarily withdrew the appeal.

¶4 Snyder filed a petition for postconviction relief. To the extent that the claims raised would be substantive challenges to his conviction, the claims were waived by his guilty plea. "The general rule applicable in criminal proceedings . . . is that by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonjurisdictional defects, including pre-plea constitutional violations." *State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (citation and internal quotation marks omitted). In a postconviction challenge to a conviction based on a guilty plea, a petitioner must show that "'he did not voluntarily or intelligently enter his plea.'" *Medel v. State*, 2008 UT 32, ¶ 26, 184 P.3d 1226 (quoting *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994)).

¶5 Snyder alleged that he received ineffective assistance of counsel in both pre-plea and post-plea proceedings, rendering his plea invalid. To establish ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Menzies*, 2014 UT 40, ¶ 75 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating counsel's performance, the focus is on "whether counsel's assistance was reasonable considering all the circumstances." *Id.* ¶ 76 (citation and internal quotation marks omitted). The strong presumption that counsel's conduct was not deficient may be overcome only by demonstrating "that the challenged actions cannot be considered sound strategy

under the circumstances." *Id.* (citation and internal quotation marks omitted).

¶6     Snyder has not set forth facts that would support a determination that his counsel was ineffective. Snyder asserts that counsel failed to assure that the pre-sentence report was corrected. This claim could have been addressed on Snyder's direct appeal. *See, e.g., State v. Jaeger*, 1999 UT 1, ¶ 41, 973 P.2d 404 (addressing pre-sentence report challenges on direct appeal). Because Snyder voluntarily withdrew the appeal, any issue related to the pre-sentence report or sentencing itself is barred.[1] *See* Utah Code Ann. § 78B-9-106(1)(c) (LexisNexis 2012) (barring postconviction claims on grounds that could have been raised on direct appeal).

¶7     Snyder also asserts that counsel was ineffective for failing to move to withdraw the guilty plea after Snyder provided legal authority that Snyder believed would provide a defense. Before sentencing, Snyder wrote the trial court about his disagreements with counsel. Shortly after, however, Snyder wrote another letter stating that the issues with counsel had been resolved, and it was agreed that moving forward with sentencing was the best option. The record shows that Snyder waived the filing of a motion to withdraw his plea. Accordingly, he cannot now complain that counsel failed to move for withdrawal of Snyder's plea.

¶8     Snyder also contends that counsel failed to investigate the evidence before advising him to plead guilty and did not spend enough time on the case. Appellate courts generally decline "to hold that counsel is ineffective based on the amount of time counsel

---

1. In an effort to overcome the procedural bar, Snyder asserts on this appeal that he received ineffective assistance of appellate counsel in his direct appeal. However, because this claim is argued for the first time on appeal in his postconviction case, it is not properly before this court. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801.

spent working on the case or consulting with a client." *Nicholls v. State*, 2009 UT 12, ¶ 38, 203 P.3d 976. Additionally, Snyder does not set out specific facts to establish this claim but rather makes conclusory allegations, stating merely his belief that counsel did not evaluate the evidence. In contrast to his belief, the record shows that counsel told Snyder that the images were "very bad" and clearly violated the law. Accordingly, pursuing a plea bargain that resulted in the dismissal of nine of ten charges appears to be sound strategy under the circumstances.

¶9     In sum, Snyder has not shown that the trial court erred in granting summary judgment and dismissing his petition.

¶10    Affirmed.[2]

_____

2. Snyder also asserts that the trial court erred by declining to appoint counsel on appeal. However, Snyder is not entitled to counsel in this postconviction proceeding. *See Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150.