2018 UT App 55

## THE UTAH COURT OF APPEALS

SHERRELL BERRETT,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20160747-CA
Filed April 5, 2018

Second District Court, Farmington Department
The Honorable John R. Morris
No. 150700744

Nathan A. Crane and Dani N. Cepernich, Attorneys
for Appellant

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
RYAN M. HARRIS and DIANA HAGEN concurred.

TOOMEY, Judge:

¶1 After pleading guilty to one count of securities fraud and one count of sale of an unregistered security, Sherrell Berrett seeks to withdraw his guilty plea, contending that his counsel provided him with constitutionally ineffective assistance. As a condition of Berrett's plea agreement, the State agreed to recommend that he be placed on probation if he paid a significant portion of the restitution by the time of sentencing. Berrett also waived his right to be sentenced within forty-five

days[1] and was given six months to make payments toward restitution. Berrett had not made the payments by the sentencing date. Because he failed to pay the court-ordered restitution, the State did not recommend probation, and the court sentenced him to prison. Almost one year after he was sentenced, Berrett filed a petition under the Post-Conviction Remedies Act (the PCRA), asserting that he had received ineffective assistance of counsel. The State filed a motion for summary judgment contending that (1) Berrett's petition was procedurally barred because he did not first move to withdraw his guilty plea, and (2) even if the claim was not procedurally barred, he did not demonstrate that he was entitled to post-conviction relief. In opposition, Berrett disputed the State's assertions that his petition was procedurally barred and requested the court conduct an evidentiary hearing on his claim of ineffective assistance of counsel. The district court determined that Berrett's petition was procedurally barred under the PCRA and granted the State's motion for summary judgment; the court did not address the merits of Berrett's ineffective assistance of counsel claim. Berrett appeals the court's decision.

¶2     We disagree that Berrett's ineffective assistance of counsel claim was procedurally barred, but we affirm the district court's ruling on the alternative ground that Berrett failed to show that his counsel's allegedly deficient performance prejudiced his defense.

---

1. *See* Utah R. Crim. P. 22(a) ("[T]he court shall set a time for imposing sentence which may be not less than two nor more than 45 days after the verdict or plea, unless the court, with the concurrence of the defendant, otherwise orders.").

BACKGROUND

¶3     In mid-2013, the State charged Berrett, then a seventy-five-year-old man, with six counts of securities fraud (second degree felonies); four counts of theft (second degree felonies); one count of sale of an unregistered security (a third degree felony); one count of unlicensed investment advisor activity (a third degree felony); and one count of pattern of unlawful activity (a second degree felony).[2]

¶4     Berrett's neighbor (Defense Counsel) was an attorney who assisted Berrett in his interactions with the Utah Division of Securities during its investigation of Berrett. Two days after the criminal charges were filed against Berrett, Defense Counsel entered an appearance to represent him in this case.

¶5     Six weeks after the State filed charges, Defense Counsel and the State reached a resolution. If Berrett pleaded guilty to one count of securities fraud and one count of sale of an unregistered security, and agreed to pay $1,308,364.73 in complete restitution to the victims, with $600,000 as court-

---

2. The charges listed are found in the criminal information and presentence investigation report. These differ from the district court's docket and the minutes from the sentence, judgment, and commitment hearing in the following ways: Counts 2 (theft) and 12 (unlicensed investment advisor activity) list different degrees for the offenses charged; Count 12 is also listed as unregistered securities agent instead of unlicensed investment advisor activity, but both documents list the same statute for the offense; and Count 3 lists securities fraud instead of theft, a second degree felony. These discrepancies do not alter our analysis because the charges to which Berrett ultimately pleaded guilty are consistent with these documents and the record.

ordered restitution,[3] the State would dismiss the remaining charges. The State also agreed that if Berrett paid $400,000 toward restitution by the time of sentencing, it would recommend that he be placed on probation for sixty months;[4] but if not, the State would ask the district court to sentence him on the felony charges entered, and would reserve the right to seek either a concurrent or consecutive prison sentence. Based on that agreement, Berrett pleaded guilty in December 2013.

¶6      At the change-of-plea hearing, Defense Counsel requested that sentencing be extended six months to allow time for a presentence investigation report (the PSI report) to be prepared and to give Berrett an opportunity to start paying restitution

---

3. Complete restitution is "restitution necessary to compensate a victim for all losses caused by the defendant." Utah Code Ann. § 77-38a-302(2)(a) (LexisNexis 2017); *State v. Mooers*, 2017 UT 36, ¶ 9; *see also* Utah Code Ann. § 77-38a-302(5)(b) (listing some relevant factors a district court takes into account when calculating complete restitution). Court-ordered restitution is a "subset of complete restitution" and is "the restitution the court . . . orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing." *Mooers*, 2017 UT 36, ¶¶ 10–11 (citations and internal quotation marks omitted); *see also* Utah Code Ann. § 77-38a-302(2)(b), (d)(1); *id.* § 77-38a-302(5)(c) (listing additional factors the court takes into account when calculating court-ordered restitution); *State v. Brown*, 2014 UT 48, ¶ 21, 342 P.3d 239 (stating that "court-ordered restitution [is] a subset of complete restitution that, among other things, takes into account the defendant's circumstances." (quotation simplified)).

4. The State also agreed to "a one level reduction of the offenses" if Berrett paid "the 'court ordered' restitution of $600,000 in full at the time of sentencing."

before sentencing in accordance with the terms of the plea agreement. Defense Counsel further explained that Berrett was going to review his records and determine whether he had already paid some restitution, and if so, the prosecutor would give him credit for those payments. After these explanations, Defense Counsel presented the district court with a plea statement, with a three-page plea agreement attached, each of which Berrett, Defense Counsel, and the prosecutor signed.

¶7 The plea statement included: (1) a description of the charges, supporting facts, and the minimum and maximum punishment for each charge to which Berrett would be pleading guilty; (2) an assertion that Berrett had read the statement and understood the nature and elements of the charges and discussed them with Defense Counsel; (3) a statement that Berrett would waive certain constitutional rights by pleading guilty;[5] (4) an acknowledgement that he could be subject to the maximum sentence that may be imposed for each crime to which he was pleading guilty; (5) a disclaimer that the court would not be bound by any sentencing recommendation from Defense Counsel or the prosecutor; (6) a certification that Berrett had read, understood, and voluntarily signed the plea statement and plea agreement, and that no one made other promises outside of the plea agreement to him; (7) an acknowledgement that if he wanted to withdraw his guilty plea, he would have to file a motion before sentencing; (8) an affirmation that he was "satisfied with the advice and assistance of [his] attorney"; and (9) an acknowledgment that any challenge to his guilty plea after sentencing must be made under the PCRA.

¶8 The plea agreement detailed: (1) the charges to which Berrett would plead guilty; (2) the amount of complete and

---

5. Specifically, Berrett waived his right to a jury trial; his rights to compel, confront, and cross-examine witnesses; his right to testify; and his right to a direct appeal of his conviction.

court-ordered restitution; (3) a stipulation postponing sentencing for six months to allow Berrett time to collect and make payments toward the court-ordered restitution; (4) an agreement that if Berrett "[paid] $400,000 toward his court-ordered restitution . . . on or before sentencing, the State [would] recommend that [he] be placed on probation for a period of sixty (60) months"; and (5) a statement on the third page, directly above Berrett's signature, that if Berrett was "unable to pay the $400,000 toward the 'court-ordered' restitution at the time of sentencing, the State [would] ask the Court to sentence [Berrett] on the felony charges as entered, and [it] may seek a concurrent or consecutive prison sentence."

¶9     Before the district court accepted Berrett's guilty plea, it engaged in a colloquy with him about the plea statement and plea agreement he had signed. The court specifically asked whether he was prepared to plead as indicated; whether he was doing so freely and voluntarily; whether he read and understood the plea statement; whether his questions had been answered; and whether what Defense Counsel put on the record was consistent with his understanding. Berrett gave an unequivocal affirmative reply to each of these questions. The court found the factual recitation sufficient and accepted Berrett's guilty plea.

¶10    During the six months following the change-of-plea hearing, Berrett did not move to withdraw his guilty plea, nor did he make any payments toward restitution. Adult Probation and Parole prepared and submitted a PSI report to the court for the sentencing hearing.

¶11    The PSI report included, among other things, a sentencing recommendation to the district court; sentencing guidelines based on Berrett's lack of criminal history and the category of the offenses to which he pleaded guilty; and the investigator's recommendation. The recommendation in the report adopted the terms of the plea agreement entered between Berrett and the State, and it included some additional terms and conditions.

Given Berrett's lack of criminal history and the category of his crimes, the guidelines suggested he serve 180 days in the county jail (ninety days for each offense) and then be placed on probation. Finally, the investigator commented that "Berrett reported he has tried, without success, to raise $400,000 to pay toward restitution as he had hoped."

¶12 At the sentencing hearing,[6] Berrett told the court that he had tried to make restitution payments but was unable to do so. Defense Counsel explained that he and Berrett had spent many hours attempting to provide an evidentiary foundation for cases pending against people Berrett had entrusted with his investors' funds in an attempt to recoup the lost money. Defense Counsel argued Berrett should not be sent to prison. Consistent with the plea agreement, the State recommended that the court sentence Berrett to prison because he had not made any payments toward restitution. The district court sentenced Berrett to one-to-fifteen years in prison for securities fraud and zero-to-five years in prison for the sale of an unregistered security, and it ordered the sentences to run concurrently.

¶13 Berrett filed his PCRA petition in the district court in July 2015. He contended that Defense Counsel provided ineffective assistance that resulted in the entry of a guilty plea that was not knowing and voluntary. Berrett first argued that Defense Counsel was ineffective for not subjecting the State's case to meaningful adversarial testing. Second, Berrett argued that Defense Counsel did not investigate the case or interview witnesses. Third, Berrett argued that Defense Counsel misrepresented to him that he would be sentenced to probation

---

6. A transcript from the sentencing hearing was not provided to this court and is therefore not part of the record on appeal. For purposes of describing the events and statements made at the sentencing hearing, we recite only the facts Berrett admitted to in his opposition to the motion for summary judgment.

instead of a prison term. Fourth, Berrett argued that Defense Counsel negotiated a plea agreement Berrett was incapable of keeping.[7]

¶14    In response to Berrett's petition, the State filed a motion for summary judgment contending that (1) Berrett's ineffective assistance of counsel claim was procedurally barred under *Brown v. State*, 2015 UT App 254, 361 P.3d 124, because he did not timely move to withdraw his plea before filing his petition, and (2) Berrett's claim failed on the merits because Berrett could not "show that counsel's performance was deficient" and that the "deficient performance prejudiced the defense." (Quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984).)

¶15    Berrett opposed the motion arguing that his ineffective assistance of counsel claim was not procedurally barred, because *Brown* did not hold that a failure to first move to withdraw a guilty plea bars a defendant from all challenges to a guilty plea. In addition, Berrett asserted that there was a question of fact as to whether Defense Counsel performed deficiently. Consequently, Berrett requested an evidentiary hearing to allow him to "present additional evidence" regarding Defense Counsel's representation.

---

7. Berrett made an allegation of ineffective assistance of counsel regarding the PSI report but conceded in his opposition to the motion for summary judgment that his claim was procedurally barred because he could have raised it in a direct appeal. *Cf. Snyder v. State*, 2015 UT App 37, ¶ 6, 346 P.3d 669 (holding that challenging a PSI could have been raised on direct appeal and is therefore barred in a subsequent PCRA claim); *see also* Utah Code Ann. § 78B-9-106(1)(c) (LexisNexis Supp. 2017) (barring a defendant's ability to seek relief under the PCRA "upon any ground that . . . could have been but was not raised at trial or on appeal").

¶16 The district court granted the State's motion for summary judgment concluding that Berrett's claim was procedurally barred under the PCRA because it was "founded on facts that were known or should have been known to [Berrett] prior to sentencing and were not subsequently raised on appeal." The court did not address the State's alternative argument that Berrett's ineffective assistance of counsel claim failed as a matter of law. Berrett appeals.

## ISSUE AND STANDARDS OF REVIEW

¶17 Berrett raises one issue on appeal: does *Brown v. State*, 2015 UT App 254, 361 P.3d 124 bar his ineffective assistance of counsel claim? "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the [district] court's conclusions of law." *Taylor v. State*, 2012 UT 5, ¶ 8, 270 P.3d 471 (citation and internal quotation marks omitted).

¶18 The State contends that if Berrett's ineffective assistance of counsel claim is not barred, then this court can still affirm the district court's grant of its summary judgment on the alternate ground that he failed to show he received ineffective assistance of counsel. A district court shall grant a motion for summary judgment "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). "[W]e review a district court's summary judgment ruling for correctness." *Id.* A review for correctness means that we "accord no deference to [to the district court's] conclusions of law." *Dillon v. Southern Mgmt. Corp. Ret. Trust*, 2014 UT 14, ¶ 21, 326 P.3d 656 (quotation simplified). And "we may affirm the result reached by the [district] court if it is sustainable on any legal ground or theory apparent on the record, even though that ground or theory was not identified by the [district] court as the

basis of its ruling." *Id.* (citation and internal quotation marks omitted).

ANALYSIS

### I. Berrett is Not Procedurally Barred from Bringing His Ineffective Assistance of Counsel Claim

¶19 "Under the PCRA, a person who has been convicted and sentenced for a criminal offense may file an action in the district court . . . for post-conviction relief to vacate or modify the conviction or sentence upon certain grounds." *Johnson v. State*, 2011 UT 59, ¶ 10, 267 P.3d 880 (omission in original) (citation omitted). The "petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1) (LexisNexis Supp. 2017).

¶20 Berrett contends that a criminal defendant need not move to withdraw a guilty plea before pursuing a claim challenging that plea under the PCRA on the basis of having received ineffective assistance of counsel. The State argues Berrett could have brought his ineffective assistance of counsel claim in a timely plea-withdrawal motion because none of Berrett's allegations asserted new or newly discovered evidence; instead they rested entirely on facts Berrett knew or should have known at the time of his plea. Further, the State asserts that Berrett should have withdrawn his plea before sentencing and shown that it was "not knowingly and voluntarily made." *See* Utah Code Ann. § 77-13-6(2)(a)–(b) (LexisNexis 2017).

¶21 In support of its arguments, the State relies on *Brown v. State*, 2015 UT App 254, 361 P.3d 124. Like Berrett, Brown pleaded guilty, "did not seek to withdraw his guilty pleas at any time before sentencing, and he did not file a direct appeal." *Id.* ¶ 2. This court held that Brown's PCRA petition was barred

because "it was not raised at trial or on direct appeal." *Id.* ¶ 22. The State misunderstands *Brown*.

¶22 Nearly three years after the district court sentenced Brown he moved for relief under the PCRA asserting an ineffective assistance of counsel claim. *Id.* ¶ 4. He argued that his attorney gave him "incorrect advice about the consequences of pleading guilty" and that his attorney "operated under several conflicts of interest when he urged [Brown] to plead guilty." *Id.* He also argued that his plea was not knowingly and voluntarily made, because he was taking prescription pain medicine at the time the plea was entered. *Id.* "The district court found that all of the pertinent facts supporting [Brown's] ineffective assistance claims were known to [Brown] before he entered his pleas and that more than one year had passed before [Brown] filed his PCRA petition." *Id.* Brown appealed. *Id.* ¶ 5.

¶23 On appeal, this court held that Brown "was aware, or should have been aware, of all of the principal facts supporting his various claims by the time he was sentenced." *Id.* ¶ 18. In a footnote, this court mentioned the date of his sentencing, his time limitation to directly appeal, and that he had one year from his sentencing date to "file a timely PCRA petition." *Id.* ¶ 4 n.1. And this court concluded that Brown's petition "was untimely under the PCRA," *id.* ¶ 18, which required that a petition be filed "within one year after the cause of action has accrued," *id.* ¶ 7 (quoting Utah Code Ann. § 78B-9-107(1) (LexisNexis Supp. 2017)).[8]

---

8. When there is no difference between the current version of a statutory provision and the one relied on at the time of a prior decision, we generally cite to "the current version of the Utah Code Annotated as a convenience to the reader." *See Brown v. State*, 2015 UT App 254, ¶ 7 n.2, 361 P.3d 124.

¶24 Brown's PCRA petition contained both an ineffective assistance of counsel claim and other challenges to the validity of his guilty plea. *See id.* ¶¶ 4, 6, 11. As it relates to his ineffective assistance of counsel claim, this court's conclusion was reached on the basis that Brown "was aware, or should have been aware, of all of the principal facts supporting his various claims by the time he was sentenced." *Id.* ¶ 18. From the date he was sentenced, this court calculated the date by which Brown should have filed a PCRA petition with respect to his ineffective assistance of counsel claim. *Id.* ¶ 4 n.1. Because Brown knew of all of the facts relative to his claims more than one year prior to its filing, those claims were barred by the PCRA's one-year statute of limitations. *Id.* ¶ 18. This court then analyzed Brown's challenges to the "validity of his guilty pleas," *id.* ¶ 21, and held that those challenges could have been brought at trial or on direct appeal and were therefore barred by the PCRA's provision that "precludes relief for any claim that could have been but was not raised at trial or on appeal," *id.* ¶ 22; *see* Utah Code Ann. § 78B-9-106(1)(c) (providing that "[a] person is not eligible for relief under [the PCRA] upon any ground that . . . could have been but was not raised at trial or on appeal"). This court did not address whether the one-year PCRA statute of limitations for Brown's ineffective assistance of counsel claim commenced prior to sentencing. He submitted his petition without newly discovered evidence well beyond the time permitted under the PCRA, so there was no need to address that issue. *See Brown*, 2015 UT App 254, ¶¶ 16, 18. More importantly, this court did not state that an ineffective assistance of counsel claim cannot be brought if a defendant has not first withdrawn a guilty plea.

¶25 The State is correct that claims relating to ineffective assistance of counsel may be procedurally barred under the PCRA. "For instance, no post-conviction relief is available for a claim that 'was raised or addressed at trial or on appeal' or that 'could have been but was not raised at trial or on appeal.'" *Johnson v. State*, 2011 UT 59, ¶ 10, 267 P.3d 880 (citation omitted).

But there are exceptions to that rule—for example, post-conviction relief is available for ineffective assistance of counsel when "the same counsel represented the petitioner at trial and on direct appeal." *Id.* ¶ 11. This is so because "it is unreasonable to expect an attorney to raise the issue of his own incompetence." *Archuleta v. Galetka*, 2011 UT 73, ¶ 22, 267 P.3d 232 (quotation simplified).

¶26 Berrett had Defense Counsel from the beginning of the case through his sentencing hearing, and it is therefore unreasonable to expect Berrett to have Defense Counsel file a claim for ineffective assistance of counsel against himself. We are also unaware of any procedural bar that requires a petitioner to first move to withdraw his guilty plea before challenging the validity of the plea based on ineffective assistance of counsel.[9] Indeed, the Utah Supreme Court has reiterated that when a defendant fails to withdraw a guilty plea before sentencing, the defendant has "waived [the] right to a direct appeal," and any claims a defendant may have "with respect to ineffective assistance of counsel or whether his plea was knowingly and voluntarily made can be pursued under the PCRA." *State v. Allgier*, 2017 UT 84, ¶ 27; *see also Nicholls v. State*, 2009 UT 12, ¶¶ 8, 14, 203 P.3d 976 (reaching the merits of a defendant's challenges to his guilty plea based on ineffective assistance of counsel under the PCRA because he failed to withdraw his

---

9. Under Utah statutory law, most challenges to the validity of the guilty plea not based on ineffective assistance of counsel must be brought in a motion to withdraw the guilty plea prior to sentencing. *See* Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2017).

guilty plea prior to sentencing). Therefore, Berrett's ineffective assistance of counsel claim was not procedurally barred.[10]

## II. We Affirm the District Court's Grant of the State's Motion for Summary Judgment on Alternative Grounds

¶27    The State contends that even if Berrett's claims were not procedurally barred, "summary judgment was still proper" because Berrett cannot satisfy *Strickland*'s two-prong test for ineffective assistance of counsel and this court can "still affirm on any legal ground or theory apparent on the record." "[W]e may affirm a [district] court's judgment on an alternative ground, but only if the alternative ground is 'apparent on the record.'" *State v. Henderson*, 2007 UT App 125, ¶ 15, 159 P.3d 397 (quoting *State v. Topanotes*, 2003 UT 30, ¶ 9, 76 P.3d 1159). After a thorough review of the record, we are persuaded that we may affirm the district court's grant of summary judgment on the alternative ground that Berrett cannot satisfy *Strickland*'s two-prong test.[11]

---

10. The plea statement included a waiver of Berrett's right to directly appeal his conviction and informed him that "any challenge to [Berrett's] plea(s) made after sentencing must be pursued under the [PCRA]."

11. Last year, the United States Supreme Court issued *Lee v. United States*, 137 S. Ct. 1958 (2017), which clarified what a defendant must show to demonstrate that his counsel's deficient performance deprived him of a trial by causing him to accept a plea. *Id.* at 1965. A defendant may show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (citation and internal quotation marks omitted). A defendant must still show that he would have been better off going to trial "when the defendant's decision

(continued…)

¶28 A court must "grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). "Once the [moving party] makes that showing, the burden of proof then shifts to the nonmoving party." *Menzies v. State*, 2014 UT 40, ¶ 81, 344 P.3d 581. And if the nonmoving party "bears the burden of proving ineffective assistance, he cannot rest on his allegations alone" and instead "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (quotation simplified). "[W]here there could be no reasonable difference of opinion on a question of fact in light of the available evidence, the decision is [then] one of law for the [district court] or for an appellate court." *iDrive Logistics LLC v. IntegraCore LLC*, 2018 UT App 40, ¶ 43 (citation and internal quotation marks omitted). "We view the facts and all reasonable inferences drawn therefrom in the light most

_____

(…continued)

about going to trial turns on his prospects of success and those are affected by the attorney's error." The Court stated that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1967.

Here, Berrett has only made a post hoc assertion that, because of his age, "had he known that he faced a one to fifteen year sentence under the plea, he would not have pleaded guilty but proceeded to trial." Berrett, however, failed to show contemporaneous evidence to substantiate his alleged preference. As such, Berrett must still show that he would have been better off going to trial and "convince [us] that a decision to reject the plea bargain would have been rational under the circumstances." *State v. Walker*, 2013 UT App 198, ¶ 42, 308 P.3d 573 (citation and internal quotation marks omitted).

favorable to the nonmoving party." *Id.* (internal quotation marks omitted) (quoting *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600).

¶29    To show that Berrett's counsel was so defective that it violated his Sixth Amendment right to counsel and requires reversal, he must "show that counsel's performance was deficient" and that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Unless Berrett makes a showing of both elements, he cannot succeed on his claim. *See id.*

¶30    Here, the State met its initial burden by showing that there is no genuine dispute as to any material fact, and it is entitled to summary judgment as a matter of law. The State and Berrett do not dispute that Berrett signed the plea statement and plea agreement; that the agreement to pay restitution for a recommendation for probation was a part of the plea agreement; and that Berrett certified to the court during his change-of-plea hearing that he had read and understood the plea statement. The State argues that "Berrett's claims [of ineffective assistance of counsel] are all either speculative or contradicted by the undisputed facts from the criminal case." It further argues that "[f]or several of his claims, Berrett merely alleged without proffering admissible evidence that 'to his knowledge' counsel performed deficiently." And regarding the remainder of Berrett's claims, "his supporting averments were controverted by his express acknowledgments in his plea statement, to the [district] court at the plea hearing, and in other documents filed in the case." For all these reasons, the State contends Berrett failed to "show that counsel's performance was deficient" and the "deficient performance prejudiced the defense." (Quoting *Strickland*, 466 U.S. at 687.)

¶31    Because the State met its initial burden, Berrett must set forth specific facts showing that there is a genuine issue for trial to survive summary judgment. *See Menzies*, 2014 UT 40, ¶ 81. Berrett attempts to do this in several ways. First, Berrett counters

that many of the "acknowledgments" the State relies on do not actually contradict Berrett's sworn testimony, and even if they do, the State is not entitled to summary judgment because the United States Supreme Court has recognized "that where a petitioner provides specific factual allegations calling into question representations in a plea or sentencing record, that record 'is not invariably insurmountable.'" (Quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).) Berrett also asserts that "an affidavit, as a matter of law, cannot contradict a prior sworn statement . . . which was clear and unequivocal, unless the affidavit states an adequate reason for the contradiction." (Quoting *Fowler v. Mark McDougal & Assocs.*, 2015 UT App 194, 357 P.3d 5 (quotation simplified).) Here, Berrett argues that he "provided an adequate reason—that he believed and was operating under the advice of counsel, who he later discovered had made affirmative misrepresentations about what . . . Berrett was signing."

¶32 Second, Berrett argues that Defense Counsel's performance was deficient because counsel: failed to investigate the case, promised that Berrett would be sentenced to probation with no jail or prison time, and accepted a plea agreement on behalf of Berrett[12] under which Berrett agreed to pay $400,000 in restitution in the six months before the sentencing hearing when Berrett had no ability to do so.

¶33 Third, Berrett argues he sufficiently identified the prejudice he suffered. He argues he has shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial and that such decision would have been rational under the circumstances." (Quoting *Ramirez-Gil v. State*, 2014 UT App 122, ¶ 8, 327 P.3d 1228 (quotation simplified).) Berrett was seventy-

---

12. This is Berrett's characterization. To be clear, Berrett was the one who accepted the plea agreement and not his counsel.

five when he entered the plea and asserts that "had he known that he faced a one to fifteen year sentence under the plea, he would not have [pleaded] guilty but proceeded to trial." And he has "acknowledge[d] that proceeding to trial would have exposed him to thirteen felony charges and a minimum sentence of eleven years," but he points out that the difference between a one to fifteen year sentence "and a potential minimum sentence of eleven years is insignificant given Berrett's advanced age," where either period of incarceration is "likely to constitute a life sentence."

¶34 Assuming Defense Counsel's conduct was deficient, Berrett has not demonstrated counsel's deficient performance prejudiced him. *See State v. Vu*, 2017 UT App 179, ¶ 17, 405 P.3d 879 (explaining that "even assuming [counsel's conduct] was deficient . . . Vu [had] not demonstrated that this deficient performance prejudiced him"). The plea agreement advised Berrett in writing that he was facing prison time and that the State would recommend a prison sentence if he failed to pay the $400,000 in restitution before sentencing. He certified in writing his understanding by signing the plea statement and orally confirmed to the court that he had read and understood it. Even if Defense Counsel "misrepresented" that Berrett would receive only probation, Berrett knew, or should have known, that he could receive a prison sentence, and that it was the court and not the State that would make that determination.

¶35 Finally, Berrett's affidavit cannot contradict his in-court responses to the district court's colloquy unless he provides an adequate reason for the contradiction. *See Fowler*, 2015 UT App 194, ¶¶ 6–7. Here, he did not do that. Berrett provided no adequate reason in his affidavit for his attempt to revoke his certification to the court that he had read and understood the plea agreement at the time he entered his plea. Instead, Berrett again admitted that he signed the plea agreement at the change-

of-plea hearing.[13] And his only purported explanation for claiming that this certification was not knowing was because Defense Counsel did not review the agreement with him. But at the hearing, the court asked, "You've discussed this with [Defense Counsel]?" and Berrett responded, "Yes, Your Honor."

¶36    We conclude that Berrett was aware of the risk he could be sentenced to the maximum sentences for the convicted offenses based on the plea statement and plea agreement. He knew the court had discretion to sentence him to probation or prison. Berrett failed to demonstrate it would have been rational to insist on going to trial as opposed to accepting a plea deal. He also failed to demonstrate that entering into the plea agreement was not knowing and voluntary. Therefore, Berrett failed to show any material facts that Defense Counsel's conduct prejudiced him; he read and signed the plea agreement, certified to the court that he understood what was in it and understood that the district court could sentence him to prison, as it ultimately did.

---

13. Berrett's affidavit also stated, "The sentencing hearing was the first time I had learned that I had agreed to make the payment of $400,000 in restitution on or before [the] date [of sentencing]." But Defense Counsel discussed restitution, if not the exact amount, during the change-of-plea hearing and attempted to clarify on the record that "on paragraph 3 of page 13" of the plea agreement the total amount of restitution and court ordered restitution should not be added together. After this discussion on the record, Berrett confirmed to the court that counsel had discussed the agreement with him, that he had no further questions, and that he had read and signed the agreement. He has therefore failed to articulate a reason for the contradiction between his certification to the court and his affidavit. *See Fowler v. Mark McDougal & Assocs.*, 2015 UT App 194, ¶¶ 6–7, 357 P.3d 5.

CONCLUSION

¶37    The district court erred in determining that Berrett's ineffective assistance of counsel claim raised in his PCRA petition was procedurally barred because the PCRA is the only remedy for defendants who have not withdrawn their guilty pleas to challenge their pleas on the basis of ineffective assistance of counsel. But based on the record before us, we affirm on alternative grounds the court's decision to grant the State's motion for summary judgment. We conclude there is no genuine dispute as to any material fact because Berrett did not support his ineffective assistance of counsel claim with evidence that he was prejudiced by counsel's performance. Berrett has further failed to show that he is entitled to post-conviction relief as a matter of law.

_____