**2018 UT App 11**

## THE UTAH COURT OF APPEALS

GASPAR AVILA,
Appellant,
*v.*
TAYLORSVILLE CITY,
Appellee.

Opinion
No. 20160612-CA
Filed January 19, 2018

Third District Court, Salt Lake Department
The Honorable Su J. Chon
No. 150908680

Steven L. Newton and Alexander J. Helfer, Attorneys
for Appellant

Stephen K. Aina, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

ORME, Judge:

¶1      Appellant Gaspar Avila appeals the district court's
dismissal of his petition for post-conviction relief on summary
judgment. We conclude that the petition was untimely and
affirm.

¶2      On February 27, 2007, Avila pled guilty to, and was
sentenced on, one count of driving under the influence of
alcohol, drugs, or a combination of both, which is a class B
misdemeanor. At the time of his guilty plea, Avila signed a
waiver of rights acknowledging that his plea was knowing and
voluntary. He was not represented by counsel, but he was
advised in the waiver that he had the right to representation. He
was sentenced immediately by the Taylorsville Justice Court

after signing the waiver and entering his guilty plea. He did not file a direct appeal.

¶3     Late in 2015, more than eight years after his sentencing, Avila filed a petition for post-conviction relief under Utah's Post-Conviction Remedies Act (the PCRA). *See* Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012). Taylorsville City moved for summary judgment on the ground that the petition was time-barred. The district court agreed and granted the City summary judgment, relying on section 107 of the PCRA. *See id*. § 78B-9-107. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted). "Similarly, we review a grant of summary judgment for correctness, granting no deference to the lower court." *Ross v. State*, 2012 UT 93, ¶ 18, 293 P.3d 345 (brackets, citation, and internal quotation marks omitted).

¶4     Under the PCRA, "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1). If no direct appeal is filed, then the cause of action accrues on the later of "the last day for filing an appeal from the entry of the final judgment of conviction," *id*. § 78B-9-107(2)(a), or "the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based," *id*. § 78B-9-107(2)(e). Avila had until March 29, 2007, to file a direct appeal of his guilty plea; therefore, any petition for post-conviction relief filed after March 29, 2008, is presumptively time-barred.[1]

---

1. At the time of Avila's sentencing, a criminal defendant had thirty days to file a notice of appeal from a justice court conviction. *See* Utah Code Ann. § 78-5-120(1) (LexisNexis Supp.

(continued…)

¶5      Nonetheless, Avila argues that his petition was timely because it was filed within one year of his discovering the allegedly new facts on which his petition is based. He asserts that he became aware "on or about November 13, 2015," that the justice court "failed to comply with Rule 11(e)" of the Utah Rules of Criminal Procedure. He contends that, due to this failure, there is "sufficient doubt" that his plea was knowing and voluntary.

¶6      "[T]he 'trigger' under section 78B-9-107(2)(e) is actual or imputed discovery of the evidentiary facts supporting the petition." *Brown v. State*, 2015 UT App 254, ¶ 10, 361 P.3d 124. The "evidence" underlying Avila's claim is the following: (1) an affidavit by Avila stating that the court did not comply with rule 11(e), (2) his waiver of rights signed at the time of his guilty plea, (3) the court docket, and (4) "the lack of an Information." Under section 78B-9-107(2)(e), "the time commences when the factual predicate could have been discovered through the exercise of due diligence, not when it was actually discovered by a given [petitioner]." *Brown*, 2015 UT App 254, ¶ 9 (citation and internal quotation marks omitted). All of Avila's evidence has been available to him since his sentencing in 2007. Further, any claim based on these evidentiary facts could have been raised on direct appeal. *See* Utah Code Ann. § 78B-9-106 (stating that a petitioner is not eligible for relief "upon any ground that . . . could have been but was not raised at trial or on appeal").

¶7      Avila's argument does not focus on any new evidence but rather on various cases to demonstrate a significant departure by the justice court from the requirements of rule 11(e) of the Utah

---

(…continued)
2001). The Utah Legislature amended the statute in 2016, permitting a criminal defendant only twenty-eight days to file such a notice of appeal. *See id.* (Supp. 2016).

Rules of Criminal Procedure. Avila argues that it is "unrealistic" to assume that at the time of his plea he, as an unrepresented party, would have been aware of rule 11(e) or its significance in regard to his guilty plea. But the extent of his *legal* knowledge is essentially irrelevant; all the "evidence" he refers to would have been available to him at the time he entered his plea and was sentenced. And instead of presenting new evidence that only became available to him during the seven years following his guilty plea, Avila merely asserts that he did not understand the legal significance of rule 11(e)'s requirements at the time of his sentencing. As we stated in *Brown*, "the time for filing begins to run when the petitioner knows or, in the exercise of reasonable diligence, should have known the evidentiary facts and *not when the petitioner recognizes their legal significance*." 2015 UT App 254, ¶ 10 (emphasis added) (brackets, citation, and internal quotation marks omitted).

¶8     Because Avila's petition refers to no new evidence and the period to file his petition therefore began to run on March 29, 2007, the district court correctly concluded that Avila's 2015 petition was time-barred. Accordingly, the district court properly granted summary judgment to the City.

¶9     Affirmed.

———————